UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEWEL GROCE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:16-cv-00499-MJD-SEB |
| MENARD, INC., | ) |
| Defendant. | ) |

**ENTRY**

This personal injury matter is before the Court on Plaintiff's objection, made at the end of the first day of trial and renewed on the second day, to a portion of the trial deposition of Tara Keck which recounts statements that Plaintiff made to Ms. Keck immediately after her fall. Ms. Keck was deposed seven days prior to trial due to her inability to appear at trial as the result of a medical issue. The essence of Plaintiff's objection is that Ms. Keck's testimony contradicts a portion of Defendant's Federal Rule of Civil Procedure 30(b)(6) deposition. Defendant's Rule 30(b)(6) designee testified that he did not know whether Plaintiff made any statements to Defendant at the time of her fall at Defendant's store and/or that there were no such statements. Plaintiff argues that Defendant should be bound by such nonresponsive answers. The Court overruled Plaintiff's objection, and this Entry provides additional explanation for the Court's ruling.

Plaintiff, while on the record and in support of her position, cited three cases in support of her position: *QBE Insurance Corp. v. Jorda Enterprises, Inc*, 277 F.R.D. 676, 690 (S.D. Fla. 2012); *Great American Insurance Co. of N.Y. v. Summit Exterior Works, LLC*, No. 3:10-cv-1669, 2012 WL 459885 (D. Conn. Feb. 13, 2012); and *Ierardi v. Lorillard, Inc.*, No. 90-7049, 1991

WL 158911 (E.D. Pa. Aug. 13, 1991).[1]  The Court finds these district court cases from outside of this Circuit unpersuasive for two reasons.

First, while the cases to which Plaintiff cites evince a circuit split on this issue, the Seventh Circuit's position is crystal clear:  A Rule 30(b)(6) deposition produces evidence, not judicial admissions:

> A Rule 30(b)(6) deponent testifies as if she is the corporation, but Rule 30(b)(6) does not "absolutely bind a corporate party to its designee's recollection." *A.I. Credit Corp. v. Legion Insurance Co.*, 265 F.3d 630, 637 (7th Cir. 2001). Rule 30(b)(6) testimony "can be contradicted and used for impeachment purposes," but it "is **not a judicial admission** that ultimately decides an issue." *Industrial Hard Crome, Ltd. v. Hetran, Inc.*, 92 F.Supp.2d 786, 791 (N.D. Ill. 2000).

*First Internet Bank of Indiana v. Lawyers Title Ins. Co.*, No. 1:07-CV-0869-DFH-DML, 2009 WL 2092782, at *4 (S.D. Ind. July 13, 2009) (Hamilton, J.) (emphasis added) (citation omitted); *A.I. Credit Corp.*, 265 F.3d at 637 ("McPherson apparently construes the Rule as absolutely binding a corporate party to its designee's recollection unless the corporation shows that contrary information was not known to it or was inaccessible. Nothing in the advisory committee notes indicates that the Rule goes so far.").  Thus, the Court rejects the nonbinding authorities to which Plaintiff cites and concludes that Defendant may present evidence at trial that contradicts, supplements, or differs from the testimony of its Rule 30(b)(6) deponent.

Second, Plaintiff's conduct is partially to blame for the Court's inability to fashion any different remedy for the allegedly insufficient Rule 30(b)(6) deposition.[2]  Again, there is Seventh Circuit authority directly on point:

---

[1] During another colloquy, Plaintiff also cited to *Sanyo Laser Products Inc. v. Arista Records, Inc.*, 214 F.R.D. 496 (S.D. Ind. 2003), but the issue of whether the statements of a Rule 30(b)(6) deponent binds a corporate party was not before the *Sanyo* court.

[2] All of the cases to which Plaintiff cited dealt with these issues in pretrial motions—which is the proper manner to address such issues.  *QBE Insurance* and *Ierardi* addressed discovery motions.  *Great*

> Finally, although we in no way condone the defendants' choice to provide Baucom, a largely unresponsive witness, as their Rule 30(b)(6) deposition representative, we also note that the plaintiffs made a tactical decision not to insist that the defendants produce better witnesses after Baucom proved inadequate. Such a request very likely would have been viewed favorably had it been made prior to the close of discovery, with possible sanctions levied against the defendants for failing to provide an appropriate deponent in the first instance. Yet, the plaintiffs raised their dissatisfaction with Baucom after the close of discovery, in the midst of summary-judgment briefing, and with prior knowledge that better witnesses, like Ryczek, existed. The district judge was not required to belatedly punish the defendants . . . in such circumstances.

*Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 733 (7th Cir. 2004).

Here, Plaintiff first raised her dissatisfaction with Defendant's Rule 30(b)(6) designee **at the end of the first day of trial**—far later, and thus far more prejudicial, than when the issue was raised in *Gutierrez*. Plaintiff knew of the designee's deficiencies the day of that deposition and could have brought such issues before the Court at any time. Moreover, just like in *Gutierrez*, Plaintiff knew from the day of the incident that Plaintiff interacted with Ms. Keck immediately following her fall. She had "prior knowledge" of Ms. Keck, an undoubtedly "better witness" than the Rule 30(b)(6) witness, and had every opportunity to depose Ms. Keck at a date well before trial. *Id.* Plaintiff engaged in apparently strategic delay in not timely deposing Ms. Keck and in not raising the issues with the Rule 30(b)(6) deposition before the first day of trial. This Court is "not required to belatedly punish the defendants," *id.*, and the Court will not now countenance Plaintiff's complaints which she could have raised in such a manner as to allow for a full evidentiary exploration of the dispute.

---

*American* addressed a motion *in limine*. They are therefore inapposite (in addition to being nonbinding), as this case is much further along in its proceedings than each of those cases.

For these reasons, and for those stated on the record, the Court **OVERRULES** Plaintiff's objection to the deposition of Tara Keck.

SO ORDERED.

Dated: 8 FEB 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution in person and via
CM/ECF to all registered counsel.